

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,967-04 & WR-87,967-05

### EX PARTE WARREN TYRONE CALHOUN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W15-52260-N(B) & W15-52259-N(B) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to two charges of possession with intent to deliver a controlled substance and was placed on deferred adjudication community supervision. He was subsequently adjudicated guilty of both offenses and sentenced to twenty-five years' imprisonment in each case, to run concurrently. The Fifth Court of Appeals affirmed his conviction. *Calhoun v. State*, Nos. 05-19-00264-CR & 05-19-00265-CR (Tex. App.—Dallas, Oct. 31, 2019) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his guilty pleas were involuntary because he

was incompetent at the time he made those pleas. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel from the plea proceedings to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were involuntary. The trial court shall also make specific findings as to whether Applicant was incompetent at the time he pleaded guilty. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 16, 2022
Do not publish